THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TIFFANIE LAKE,** | * | **CIVIL ACTION NO.:** |
| **Plaintiff,** | * | |
| | * | **SECTION:** |
| versus | * | |
| | * | **JUDGE:** |
| **CAMERON INTERNATIONAL CORP.,** | * | |
| | * | **MAG. JUDGE:** |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, TIFFANIE LAKE, who respectfully submits this Complaint and avers the following.

### Parties

1.

Plaintiff, Tiffanie Lake ("Plaintiff," or "Ms. Lake"), is a person of the full age of majority, domiciled in the Parish of Lafourche, State of Louisiana.

2.

Defendant, Cameron International Corporation ("Cameron") is a corporation domiciled in the State of Texas and authorized to conduct business in the State of Louisiana.

### Jurisdiction and Venue

3.

This Court has jurisdiction over this proceeding under 28 U.S.C. § 1331, as Plaintiff's claims arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* Venue is proper

in the Eastern District of Louisiana, as a substantial part of the events or omissions giving rise to the claim occurred in this District or otherwise in accordance with 28 U.S.C. § 1391.

### Facts

4.

In April 2009, Ms. Lake became employed full time with Cameron at its facility in Berwick, Louisiana.  She continued working, most recently as a Quality Assistant at an hourly wage of $16.97, until 2016.

5.

In March 2016, Ms. Lake was diagnosed with breast cancer.  Her cancer and treatment of this condition is a disability as it substantially affected major life activities.

6.

Beginning April 25, 2016, Ms. Lake took paid and unpaid leave from her employment, including that to which she was entitled under the Family Medical Leave Act, to undergo cancer treatment, including surgery and chemotherapy.

7.

In mid-October 2016, Ms. Lake requested from Cameron that when she return to work, she be initially be allowed to work limited hours from so that she could receive daily radiation treatments and recover from those treatments, after which point she would return to full-time status.

8.

Specifically, Ms. Lake requested that she be allowed to work from 8 a.m. to 12 p.m. six days a week, for a total of 20-24 hours weekly from October 31, 2016, to December 9, 2016.

9.

Defendant Cameron denied Ms. Lake's request for accommodation and told her that Cameron did not offer part-time positions.

10.

Defendant Cameron then terminated Ms. Lake's employment on October 25, 2016, citing the expiration of her short-term disability as the reason for discharge.

**Americans with Disabilities Act**

11.

All foregoing allegations are incorporated herein by reference.

12.

Defendant Cameron is a juridical person engaged in an industry affecting commerce that employs over 500 full-time employees, and is therefore an "employer" for purposes of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

13.

Ms. Lake was an employee of Cameron as defined under the ADA.

14.

Ms. Lake's breast cancer was a disability for which Cameron was required to make a "reasonable accommodation," including a part-time or modified work schedule, as she requested.

15.

Cameron intentionally discriminated against Ms. Lake on the basis of her disability in failing to make a reasonable accommodation for Ms. Lake and in terminating her employment. The discriminatory actions by Cameron were done with malice and/or reckless indifference to Ms. Lake's federally protected rights.

16.

As a result of Cameron's discriminatory actions, Ms. Lake suffered damages, including lost wages, emotional pain, suffering, inconvenience, and mental anguish.

17.

Ms. Lake is entitled to damages from Cameron under the ADA, including:

(a) back pay, including wages and salary, overtime, and benefits;

(b) resinstatement, or front pay;

(c) non-economic and other compensatory damages, including pain and suffering and mental anguish;

(d) pre-judgment interest;

(e) costs;

(f) attorney fees; and

(g) punitive damages.

## Family Medical Leave Act

18.

All foregoing allegations are incorporated herein by reference.

19.

Defendant Cameron is an "employer," and Ms. Lake is a qualified "employee" for purposes of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

- 5 -

20.

Ms. Lake suffered from breast cancer, a "serious health condition" under the FMLA, and duly exercised her rights to medical leave.

21.

Cameron did not allow Ms. Lake to return to her prior position at the conclusion of her leave time and refused to make temporary reasonable accommodations for Ms. Lake. Cameron's discharge of Ms. Lake was done in retaliation for her exercising her rights under the FMLA.

22.

Ms. Lake is entitled to damages from Cameron under the FMLA, including:

(a) back pay, including wages and salary, overtime, and benefits;

(b) resinstatement, or front pay;

(c) economic and other compensatory damages; and

(d) pre-judgment interest.

23.

Ms. Lake is entitled to recover costs and attorney's fees incurred in the prosecution of this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in favor of Plaintiff against Defendant, as follows:

(a) Back pay, including wages and salary, overtime, and benefits;

(b) Reinstatement, or front pay;

(c) Other compensatory damages;

(d) Pre-judgment interest;

(e) Punitive damages;

(f) Attorney's fees and costs.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

**SANGISETTY LAW FIRM, LLC**

/s/ Ravi K. Sangisetty_____
RAVI K. SANGISETTY (Bar No. 30709)
935 Gravier Street, Suite 835
New Orleans, La 70112
Telephone: (504) 662-1016
Facsimile: (504) 662-1318
rks@sangisettylaw.com